No. 4834.

(Court of Appeal, Parish of Orleans.)

H. T. LAWLER & SONS vs. ILLINOIS CENTRAL RAILROAD COMPANY.

Frank McGloin for plaintiff and appellant.

Gustave Lemle for defendant and appellee.

ST. PAUL, J.—This case involves only questions of fact. The District Judge resolved them in favor of the defendant, and his written opinion states the issues and reviews the evidence so clearly that we adopt it in full as our own, to-wit:

## Reasons for Judgment.

"A carload of No. 3 White Oats was shipped from Warren, Illinois, to plaintiff, by Warren Stickney, in car No. 80,017 of the defendant company. The plaintiff claims that 64,870 lbs. of oats were shipped in said car, and that, on arrival in New Orleans, only 48,490 lbs. of said oats were delivered to plaintiff.

"The suit is for the alleged shortage—i. e., 16,380 lbs., or 511 2-8 bushels, at 30 cents per bushel—i. e., $153.56.

"The defence is that the defendant delivered to plaintiff all that was loaded in said car by the shipper and that it owes plaintiff nothing.

"The parties agree that the inside dimensions of car 80,017 are 34 feet by 8 feet, by 7 feet, which gives a cubic capacity of 1,904 cubic feet, and that a standard bushel of oats contains approximately 2,150.42 cubic inches, or 1.24 cubic feet, it would seem that the car could contain about 1,535 bushels of oats, and that the only question is what was the weight, or density of the oats, the price being concluded at 30 cents per bushel.

"The evidence goes to show that 28 lbs. per bushel is the weight of No. 3 White Oats. At this rate, the capacity of the car, for White Oats No. 3 would be 42,980 lbs. Even at 32 lbs. per bushel the car could not hold more than 49,120 lbs. of said oats. So that it would seem that 64,870 lbs. for said car—i. e., the figures claimed by plaintiff, are impossible. It seems

to me, therefore, that the weights as certified to by the weigher, on arrival of the oats here, viz.: 48,490 lbs. are as nearly correct as possible.

"The testimony of Mr. Lawler, Jr., as to experiments made with oats, by a process which served to pack them, and put more in quantity, and consequently in weight, into a vessel, would be valuable, if it were shown that at the loading of the car in question, similar methods had been applied. Instead of this, it seems that the oats were blown into the car, from an elevator, and shoveled from the center to the sides, the effect of which, as it seems to me, would not be to pack the grain or increase its density.

"Whether jolting and shaking, of the car en route, would pack the oats is immaterial, because the car conveyed here the quantity that was placed into it.

"I have not overlooked the evidence taken at the shipping point, but it does not avail against the conclusive weight of the physical fact above referred to. The oats were not weighed by the railroad agent, and the agent who testifies, says that, in the letter found in the record, he gave the elevator weights.

"Without doubting the truth, or good faith of the witnesses who testified in Illinois, I can only conclude that, in the multitude of shipments of grain from the elevator, they made a mistake in regard to the exact quantity placed in the Car No. 80,017, and testified to figures of weights much beyond the carrying capacity of the said car.

"I have not overlooked the able argument of counsel, suggesting mistake in the identity of the Car No. 80,017, by the weigher at the elevator here, and that his weights, as returned in his certificate, were those of another car. While some of the facts, basing this

— 259 —

argument, may help out that suggestion, I feel that I need not discuss them, because if the weigher made a mistake, in his figures, for that particular car, his error was remarkably close to its established cubic capacity.

"The burden of proof rests on the plaintiff, and I think the whole evidence falls short of its support.

"Judgment for defendant

"New Orleans, La., April 29, 1909.

(Signed) "T. C. W. ELLIS,
 "Judge."

To this opinion there is but little to add. Considering the direct and positive testimony of Mr. J. H. Stickney, manager of the elevator at Warren, Ill., we were at first inclined to believe that an error had been committed in giving the dimensions of Car L. V. 80017, but we were assured by all counsel that there was no mistake. Even then, observing that it had been possible to load into other cars, apparently of like capacity, the quantity of oats claimed to have been loaded into this car, we were disposed to remand this case for the purpose of obtaining the actual dimensions of these cars, for comparison. Counsel, however, agreed to furnish the necessary data without remanding, and have done so. With that information before us we find that all these cars had a capacity at least 25 per cent. greater than the Car L. V. 80017.

The elevator weight at this point equals an average density for the oats in this car of 31.60 lbs. per measured bushel. To have loaded into the car 64,013 lbs. of oats, as claimed, would have required an average density of nearly 42 lbs. per bushel. The other car, M C. 42974, loaded about the same time, and in part from the same lot of oats showed an average density for the whole car of only 27.84 lbs. per bushel. We do not think it likely that

the contents of these two cars loaded about the same time, at the same elevator and in part from the same lot of oats, could have varied in density so much as this (about 50 per cent.).

Finally, it is a fact that the car L. V. 80017 was actually smaller than the car M. C. 42974, which contained only 43,850 lbs.

After carefully reviewing all the testimony, we have reached the same conclusion as the District Judge, that the shippers are mistaken about the quantity of oats loaded into this car.

Judgment affirmed.